## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAURA J. MAUE,

       **Plaintiff,**

**v.**

       Case No. 3:23-CV-03814-NJR

FRANK J. BISIGNANO,
**Commissioner of Social Security,**

       **Defendant.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a Motion for Attorney Fees under 42 U.S.C. § 406(b)(1) filed by counsel for Plaintiff Laura J. Maue. (Doc. 24). The Commissioner of Social Security did not file a response to the motion.

Following an unfavorable decision by the Commissioner, Plaintiff filed a complaint in this Court on March 26, 2021. *Maue v. Comm'r of Social Security*, 3:21-cv-00332-DWD (S.D. Ill. Mar. 26, 2022) ("*Maue I*"). Judge Dugan reversed and remanded the case for further proceedings on December 14, 2021. (*Maue I*, Doc. 27). On remand, the Administrative Law Judge ("ALJ") issued a second unfavorable decision. Plaintiff then filed a complaint in this action before the undersigned ("*Maue II*"). (Doc. 1).

On May 7, 2024, this Court issued an order reversing and remanding the ALJ's second unfavorable decision. (Docs. 19, 20). On this second remand, the ALJ issued a fully favorable decision, finding Plaintiff disabled as of May 22, 2018, with an entitlement to benefits beginning in November 2018. (Docs. 25-2, 25-3). Plaintiff was awarded past-due

Page 1 of 3

benefits of $72,981.00, 25 percent of which—$18,245.25—was withheld by the Commissioner for attorney fees, subject to court approval. (Docs. 25, 25-3).

Counsel now seeks this Court's approval to collect the full $18,245.25 that was withheld by the Commissioner. Counsel notes that his contingent fee contract with Plaintiff provides for a fee of 25 percent of Plaintiff's past-due benefits. (Doc. 25-1). Furthermore, counsel obtained a good result for Plaintiff. Plaintiff has been awarded past-due benefits totaling $72,981.00. In addition, Plaintiff will receive ongoing benefits until her death, retirement, or until she is no longer disabled. (Doc. 25, p. 5). Counsel spent 21.9 hours working on this matter, which equates to an hourly fee of $833.12. (*Id.*).

Under 42 U.S.C. § 406(b)(1)(A), the Court may allow a "reasonable fee" for an attorney's representation, not to exceed 25 percent of the total of Plaintiff's past-due benefits. However, if the Court approves the fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Id*. In practice, this means that, when a fee is awarded under § 406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B). Here, the Court awarded an EAJA fee in the amount of $1,681.50. (Doc. 23). Separately, Judge Dugan previously awarded an EAJA fee in the amount of $2,645.50 in *Maue I*. (*Maue I*, Doc. 33).

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreements in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for

court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances here, including the contract between Plaintiff and counsel, the time and effort expended by counsel, the amount of past-due benefits, and the value of projected future benefits, the Court concludes that $18,245.25 is a reasonable fee. Counsel obtained a good result for Plaintiff, timely litigated the case, and there is no indication that Plaintiff was dissatisfied with counsel's representation. Furthermore, this fee is well within the range of past awards approved by this Court. *See, e.g., Perkins v. Comm'r of Social Security*, No. 3:24-CV-688-NJR (S.D. Ill. May 12, 2026); *Murphy v. Comm'r of Social Security*, No. 3:20-CV-1065-NJR (S.D. Ill. Nov. 2, 2023).

For these reasons, the Court **GRANTS** the Motion for Attorney Fees under 42 U.S.C. § 406(b). (Doc. 24). The Court **AWARDS** Plaintiff's counsel a total fee of $18,245.25 for his representation of Plaintiff in this matter. Counsel shall retain the $1,681.50 and $2,645.50 in EAJA fees previously received in partial satisfaction of the § 404(b) fee award. The net balance of $13,918.25 shall be disbursed to counsel out of Plaintiff's past-due benefits still being withheld in accordance with agency policy.

**IT IS SO ORDERED.**

**DATED:  May 18, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**